IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAROL ANN GOFORTH, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-CV-181-ALM-CAN |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECUIRTY ADMINISTRATION, | § § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for disability insurance benefits. After reviewing the Briefs submitted by the Parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED**.

### BACKGROUND

**I.  PROCEDURAL HISTORY OF THE CASE**

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on September 23, 2011, alleging disability beginning on December 24, 2010, due to type II diabetes, neuropathy in hands and feet, and high blood pressure [TR 107, 125]. Plaintiff's application was initially denied by notice on November 16, 2011 [*Id.* at 53], and again upon reconsideration on January 25, 2012 [*Id.* at 61]. On February 10, 2012, Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") [*Id.* at 64], and a hearing was held on

June 6, 2013 [*Id.* at 22]. Plaintiff, represented by counsel, testified at the hearing [*Id.* at 27], and vocational expert, Suzette Skinner ("Ms. Skinner") also testified at the hearing [*Id.* at 27, 43]. The ALJ denied benefits on August 19, 2013 [*Id.* at 11], and Plaintiff's request for review to the Appeals Council was denied on February 4, 2014 [*Id.* at 1], making the decision of the ALJ the final decision of the Commissioner.

## II. STATEMENT OF RELEVANT FACTS

### 1. *Age, Education, and Work Experience*

Plaintiff was born on December 19, 1955, and was fifty-five (55) years of age when she applied for disability benefits [*Id.* at 107]. Plaintiff has a high school education and obtained a certified nurse's aide certification in 2004 [*Id.* at 126]. Plaintiff's relevant work experience includes: packager, certified nurse's aide, and machine operator [*Id.* at 126].

### 2. *Medical Record Evidence*

Plaintiff's medical records reflect that she has suffered and/or currently suffers from type II diabetes mellitus, diabetic neuropathy, obesity, hypertension, hyperlipidemia, and depression [*Id.* at 14, 178, 357]. Plaintiff also has a history of mononeuropathy in the left wrist, consistent with carpal tunnel syndrome [*Id.* at 303]. Plaintiff previously suffered from depression, but has not since October 11, 2011 [*Id.* at 183]. In October 2012, Plaintiff was noncompliant with her diabetic diet, but her diabetes and hypertension were under control [*Id.* at 355, 360]. On June 18, 2013, Plaintiff experienced decreased sensation in the dorsum of her right foot and decreased reflexes in her knees and ankles [*Id.* at 367].

### 3. Hearing Testimony

#### a. Plaintiff's Testimony

Plaintiff testified that she was a machine operator and a certified nurse's aide, but she stopped working due to pain in her hands and feet [*Id.* at 28]. Plaintiff testified that her hands and feet get swollen and stiff to the point that she cannot bend them [*Id.* at 29]. She further testified that she had trouble clenching her fists and was unable to lift a gallon of milk, often dropping things [*Id.* at 31]. Plaintiff also testified that her feet hurt and that sometimes she lost feeling in them [*Id.* at 32]. She testified that she was on medication for this and that she kept her feet elevated for approximately three hours a day [*Id.* at 33].

#### b. Vocational Expert Testimony

At the hearing, Ms. Skinner testified as a vocational expert [*Id.* at 43]. The ALJ asked Ms. Skinner a hypothetical question that incorporated Plaintiff's age, work history, and education, as well as the additional limitations of lifting up to twenty pounds occasionally, ten pounds frequently, and only being able to sit for six hours out of an eight hour day [*Id.* at 44]. The hypothetical question also included the limitations of no climbing ladders, ropes, or scaffolds, and avoiding exposure to unprotected heights, fast moving machinery, sharp objects, open flames, extreme temperatures, and concentrated vibrations [*Id.*]. In the hypothetical question posed to Ms. Skinner, she was to assume that the individual could understand, remember, and carry out detailed but not complex instruction [*Id.*]. The ALJ then asked Ms. Skinner if such an individual would be able to perform Plaintiff's prior jobs, to which Ms. Skinner replied no [*Id.*]. The ALJ then asked Ms. Skinner if there are other jobs in the regional and national economy that could be performed using transferable skills from Plaintiff's prior jobs

[*Id.* at 45].[1]  Ms. Skinner testified that the jobs available to such an individual include medical caring, caring for people with physical or mental problems, companion, and day care worker [*Id.*].

## III.  FINDINGS OF THE ALJ

### 1.  *Sequential Evaluation Process*

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520.  First, a claimant who is engaged in substantial gainful employment at the time of her disability claim is not disabled. 20 C.F.R. § 404.1520(b).  Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience.  20 C.F.R. § 404.1520(c).  Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(d).  Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing his past work.[2]  20 C.F.R. § 404.1520(e).  Finally, a claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy.  20 C.F.R. § 404.1520(f).  Under the first four steps of the analysis, the burden lies with the claimant to prove disability and at the last step the burden shifts

---

[1] Transferable skills are defined in Social Security Regulations as skills "you did in past work [that] can be used to meet the requirements of…other jobs or kinds of work." 20 C.F.R. § 404.1568(d)(1).  Transferability "depends largely on the similarity of occupationally significant work activities among different jobs."  *Id.*

[2] Before evaluating step four of the sequential evaluation analysis, the Administrative Law Judge must determine the claimant's residual functional capacity, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairment.  *See* 20 CFR 404.1520(e).

ORDER – Page 4

to the Commissioner. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If at any step the Commissioner finds that the claimant is or is not disabled, the inquiry terminates. *Id.*

### 2. ALJ's Disability Determination

After the prescribed five-step sequential analysis, the ALJ denied Plaintiff's request for benefits on August 19, 2013 [*Id.* at 18]. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December, 24, 2010, the alleged onset date [*Id.* at 13]. At step two, the ALJ found that Plaintiff has the severe impairments of diabetes mellitus, mild carpal tunnel syndrome, and hypertension [*Id.*]. However, at step three, the ALJ found that these impairments, or combination of impairments, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [*Id.* at 15]. At step four, the ALJ found that Plaintiff has the residual functional capacity to sit up to six hours and stand up to six hours in an eight-hour day, and to lift ten pounds frequently and twenty pounds occasionally, but he found that Plaintiff cannot climb ladders, ropes, or scaffolds [*Id.* at 15]. Plaintiff can also understand, remember, carry out, and make judgments related to detailed but not complex tasks, but she must be able to change from a sitting to a standing position every thirty minutes [*Id.*]. Plaintiff can occasionally balance, climb, stoop, and kneel, but she must avoid temperature extremes, open flames, unprotected heights, sharp objects, fast moving machinery, and extreme vibrations [*Id.*]. Continuing the step four analysis, the ALJ then determined that Plaintiff is unable to perform any past relevant work [*Id.* at 17]. Finally, at step five, the ALJ found that Plaintiff acquired work skills from past relevant work that are transferable to other jobs which exist in significant numbers in the national economy [*Id.*]. Accordingly, the ALJ concluded Plaintiff was not disabled from December 24, 2010, through August 19, 2013.

**STANDARD OF REVIEW**

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F. 2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). Additionally, any conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. "Substantial gainful activity" is determined by a five-step sequential evaluation process, as described above. 20 C.F.R. § 404.1520(a)(4).

**ANALYSIS**

On appeal, Plaintiff asserts a single issue; she argues that Defendant's final disability determination is not supported by substantial evidence because new evidence was submitted to the Appeals Council that contradicts the ALJ's findings [Dkt 12 at 4]. The ALJ issued a decision on August 19, 2013 [TR 18], and Plaintiff submitted new evidence on February 4, 2014 [*Id*. at 5]. The new evidence is a report from vocational expert Tammy Donaldson [*Id.* at 373]. Plaintiff alleges Ms. Donaldson's report contradicts Ms. Skinner's hearing testimony regarding

Plaintiff's acquired transferable work skills [Dkt 12 at 10]. Plaintiff alleges that Ms. Donaldson's report raises a conflict between the two vocational experts and the Appeals Council's "boilerplate denial failed to resolve" such conflict [*Id.*].

At the hearing, Plaintiff's past relevant work history was classified by Ms. Skinner into four occupations: packager, certified nurse's aide, machine tender, and surgical dressing maker [TR 43-44]. Ms. Skinner testified that Plaintiff acquired transferable skills during these past jobs including health caring, medical caring, and taking care of people with physical or mental problems [*Id.* at 45]. Ms. Skinner further testified that these skills transferred to jobs that fall within Plaintiff's residual functional capacity, such as a companion, blind aide, and daycare worker [*Id.*]. Based on Ms. Skinner's testimony, the ALJ found, at step five of the sequential analysis, that Plaintiff could perform these representative occupations making her eligible for a significant number of jobs in the national economy [*Id.* at 17-18]. This finding resulted in the ALJ's determination that Plaintiff is not disabled [*Id.*].

In contrast to Ms. Skinner's testimony, Ms. Donaldson's report states that Plaintiff's past relevant work did not yield any transferable skills that would transfer to jobs falling within Plaintiff's residual functional capacity [*Id.* at 375]. In support of this conclusion, Ms. Donaldson referenced a transferable skills analysis she performed, which indicates that the closest transferable jobs were either medium or heavy in exertion, and thus beyond Plaintiff's residual functional capacity [*Id.* at 375, 377]. In Ms. Donaldson's opinion, Plaintiff could not return to any of her previous work, "nor does she have any skills that would transfer to limitations posed by [the ALJ]" [*Id.* at 375].

Defendant claims that Ms. Skinner's testimony provides substantial support for the ALJ's disability determination, and Plaintiff should not be rewarded for procuring another vocational

expert's opinion after the hearing; particularly where, as here, Plaintiff has failed to show good cause for the failure to incorporate the new evidence in a prior proceeding [Dkt. 13 at 5, 13].[3] Defendant further contends that the Appeals Council properly declined review of the ALJ's decision, and is not required to include a detailed analysis of new evidence [*Id.* at 8].[4]

Under the Social Security Act, courts may review the final decision of the Commissioner. 42 U.S.C. § 405(g). The final decision encompasses the Appeals Council's denial of review, as well as new evidence submitted to the Appeals Council. *Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *3 (E.D. Tex. Mar. 27, 2013) (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005)). The Appeals Council considers all evidence in the record, as well as any new and material evidence it receives which relates to the period on or before the date of the ALJ's decision, in deciding whether to grant a claimant's request for review of the ALJ's decision. 20 C.F.R. § 404.976(b); *see also Williams*, 2013 WL 1282517, at *3. The Appeals Council accepted and acknowledged receipt of the new evidence but decided not to change the ALJ's decision [TR 1]. Therefore, this Court must consider the new evidence as part of the record to determine if the ALJ's decision is supported by substantial evidence. *Williams*, 2013 WL 1282517, at *3.

The Social Security Act requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Id.* (citing *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329,

---

[3] Defendant cites *Leggett v. Chater* in support of the proposition that remand is justified only if the new evidence is new, material and good cause is shown for the failure to incorporate the evidence into the record in a prior proceeding [Dkt. 13 at 9]. *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995). However, the standard in *Leggett* is for evidence newly submitted to the district court, and not to the Appeals Council. *See Schaff v. Colvin*, No. 3:13-cv-304, 2014 WL 1462153 (N.D. Tex. Apr. 15, 2014) (citing *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 333-36 (N.D. Tex. 2003)). Therefore any argument by Defendant that good cause must be shown by Plaintiff will be disregarded.

[4] The Court agrees that the Appeals Council is not required to prepare a detailed opinion. Notwithstanding, if the evidence is material, this Court is required to determine whether there was substantial evidence to support the decision after including the new evidence. Although the Court finds that remand is required here, the Court cannot reweigh the evidence to determine whether the new evidence should and/or could be rejected for some additional basis. *See Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at n.2 (E.D. Tex. Mar. 27, 2013).

336 (N.D. Tex. 2003)). When reviewing new evidence, the Appeals Council must follow the same rules as the ALJ. 20 C.F.R. § 404.1527(e); *Williams*, 2013 WL 1282517, at *3. Specifically, the Appeals Council must follow the same rules governing the weight given to these opinions as required by the ALJ. *Williams*, 2013 WL 1282517, at *3.

The only explanation the Appeals Council provided for disregarding the newly submitted evidence is that they "considered whether the [ALJ's] actions, findings, or conclusion is contrary to the weight of evidence of record" and "found that this [new evidence] does not provide a basis for changing the [ALJ's] decision" [TR 2]. This Court has previously considered the Appeals Council's use of such boilerplate language to deny a claimant's request for review of an ALJ's disability determination. *Williams*, 2013 WL 1282517, at *3-4. In *Williams*, the Court found remand necessary because such boilerplate language "does not show good reason for the determination of the weight given by the Appeals Council to the new evidence." *Id.* at *4 (citing *Stewart v. Astrue*, No. 7-07-cv-052, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008)). Additionally, the new evidence in *Williams* was "so inconsistent that it undermine[d] the ultimate disability determination and review [was] necessary to properly consider the evidence." *Id.* at *4; *see also Standford v. Astrue*, No. 4:11-cv-106, 2013 U.S. Dist. LEXIS 26470, at *16-17 (E.D. Tex. Feb. 26, 2013) (remanding the case because a vocational expert report submitted to the Appeals Council contradicted prior vocational expert testimony).

Here, as in *Williams*, the standard boilerplate language the Appeals Council used in denying Plaintiff's request for review does not show good reason for the determination of the weight given by the Appeals Council to Ms. Donaldson's report. Furthermore, the new evidence is inconsistent with Ms. Skinner's vocational expert testimony given at the hearing. Ms. Skinner testified that, due to Plaintiff's transferable skills, Plaintiff is capable of performing a significant

number of jobs in the national economy. However, Ms. Donaldson's report contradicts the assertion that Plaintiff has transferable skills that qualify her to perform a significant number of jobs in the national economy. Remand is appropriate when the new evidence is so inconsistent with the residual functional capacity finding of the ALJ and no good reason is given as to the weight accorded by the Appeals Council. The Court cannot weigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Id.* at *4 (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Accordingly, this case should be remanded for further review.

It is therefore **ORDERED** that the decision of the Administrative Law Judge is hereby **REMANDED** for further proceedings consistent with this opinion.

**SIGNED this 2nd day of September, 2015.**

_____

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE